# EXHIBIT 158

STATE OF WISCONSIN
DEPARTMENT OF TRANSPORTATION
OFFICE OF THE SECRETARY

**PROPOSED ORDER AMENDING EMERGENCY RULE EmR 16----**

The Wisconsin Department of Transportation proposes an Order to amend Trans 102.15 (3) (d), (5) (a), and (5m) (b) 1., 2. and 3., and (c); and to create Trans 102.15 (3) (c), (d) 2., (5) (d) and (6m) of the Wisconsin Administrative Code ch. Trans 102 relating to operator's licenses and identification cards.

The Statement of Scope for this rule, SS 107-16, was approved by the Governor on November 9, 2016, and published in Wisconsin Administrative Register No. 731A2, on November 14, 2016, and approved by the Secretary of the State of Wisconsin Department of Transportation ("Department") Mark Gottlieb, P.E., on November 29, 2016.

The Department proposes an Order to amend Trans 102.15 (3) (d), (5) (a), and (5m) (b) 1., 2. and 3., and (c); and to create Trans 102.15 (3) (c), (d) 2., (5) (d) and (6m) of the Wisconsin Administrative Code, relating to operator's licenses and identification cards.

## ANALYSIS

**Statutes Interpreted:**  Sections 343.14, 343.17 and 343.50, Wis. Stats.

**Statutory Authority:**  Sections 85.16(1), 343.02(1), 343.14 and 343.50, Wis. Stats.

**Explanation of Statutory Authority:**  Sections 343.14 and 343.50(4), Wis. Stats., specify the contents of applications for identification cards and authorize the Department to require such information as the Department considers appropriate to identify the applicant.

Section 343.50, Wis. Stats., requires the Department to issue identification cards.

Section 343.50(5)(a)3., Wis. Stats., prohibits the Department from charging a fee for an identification card requested by a qualified applicant who requests it for purposes of voting.

Section 343.50(1)(c), Wis. Stats., authorizes the Department to issue an identification card receipt as a temporary identification card while the Department processes the application.

Section 343.02(1), Wis. Stats., authorizes the Department to promulgate such rules concerning identification cards that the Secretary of the Department considers necessary.

DEF-DMV162624

Section 85.16(1), Wis. Stats., authorizes the Secretary of the Department to make rules deemed necessary to the discharge of the powers, duties and functions vested in the Department.

**Related Statutes and Rules:**  Section 343.50, Wis. Stats., requires the Department to issue identification cards.

Trans 102.15, Wis. Adm. Code ("Trans 102.15"), requires proof of identification for issuance, duplicate issuance, renewal, reissuance, or reinstatement of a driver license or identification card, and specifies the acceptable documentary proof. Trans 102.15 also establishes a petition process under which an applicant may request an exception to the documentary proof requirements for name and date of birth.

**Plain Language Analysis:**  This emergency rulemaking is necessary to preserve the public welfare by ensuring that those who cannot obtain acceptable photographic identification for voting purposes with reasonable effort will be able to obtain photographic identification before the next scheduled statewide elections in February 2017 and April 2017.  An existing emergency rule, EmR 1618, also relates to Operator's Licenses and Identification Cards; however, EmR 1618 expires on December 8, 2016.  Given the legislative session schedule, it is not possible to complete the full rulemaking process for the permanent rule.

This rulemaking will consider the information required as proof of name and date of birth or proof of citizenship, when other proof is not available and cannot be obtained without payment of a government fee, or cannot be obtained through reasonable effort, following commencement of the existing petition process and a specific time thereafter.

**Background:**  In 2011, Wisconsin enacted a statute requiring voters to present photographic identification when voting, and listed identification cards issued by the Department's Division of Motor Vehicles ("DMV") among the types of acceptable photographic identification. The statute also prohibited DMV from charging a fee to an individual applying for the initial issuance, renewal, duplicate issuance, or reinstatement of an identification card if the individual is a U.S. citizen who will be at least 18 years of age on the date of the next election and he or she requests that the identification card be provided without charge for purposes of voting.

DMV amended its administrative rules in 2014 to establish a petition process by which an applicant could present extraordinary proof to document his or her name, date of birth and U.S. citizenship, which DMV verifies through the Wisconsin Department of Health Services or other states or units of government as needed, thereby eliminating the applicant's responsibility to pay government fees for supporting documents. Specifically, Trans 102.15(5m) permits an individual who applies for an identification card without charge for purposes of voting to make a written petition to the DMV administrator for an exception to the requirements set forth in Trans 102.15(3)(a) if the individual is unable to provide the required documents and the documents are unavailable to the individual. If the initial petition process set forth in Trans 102.15(5m)(b) is unsuccessful in verifying an applicant's name, date of birth and U.S. citizenship,

DEF-DMV162625

the Department may issue an identification card if it receives other secondary documentation that is deemed acceptable to the DMV administrator to prove name, date of birth and U.S. citizenship.

Since the implementation of the extraordinary proof petition process, DMV has developed best practices, identified appropriate timelines and standards for action, and identified common-sense steps that must be followed in the application and petition process to ensure consistency in the processing of applications. This rule sets forth these best practices, timelines, standards and common-sense steps. In addition, this rule includes provisions that result in a more specific process and deadlines to verify an applicant's name, date of birth and U.S. citizenship, thereby limiting the DMV administrator's discretion by establishing and requiring a consistent application of standards and criteria throughout the petition process.

**Rule Content:** This rule adopts Wisconsin common law and requires the DMV administrator to approve a name change for an identification card if the common law requirements are met and the applicant submits an affidavit to that effect. This rule change also clarifies the steps taken by the Department during the petition process for a no-fee identification card for voting purposes, including issuing receipt documentation for use as a temporary identification card usable for voting purposes by an applicant during the petition process described in Trans 102. This rule change also adds specific criteria, standards and procedures for the extraordinary proof petition process, thus setting forth mandatory duties of DMV's administrator and limiting the DMV administrator's discretion during the petition process.

**Section 1** authorizes the DMV administrator to recognize name changes accomplished under Wisconsin common law if the applicant provides evidence of that change.

**Section 2** reorganizes existing name change provisions to make room for a mandatory common law name change approval described in Section 3 below.

**Section 3** requires the DMV administrator to approve a name change if the applicant for an identification card provides an affidavit declaring all evidence required to prove a name change under Wisconsin's common law.

**Section 4** exempts a qualified applicant for an identification card requested without charge for voting purposes from the requirement to provide a social security number, by allowing the use of a number issued by the Department in lieu of a social security number.

**Section 5** requires any person issued an identification card without charge for voting purposes without providing a social security number to provide a social security number on any subsequent application for an instruction permit or operator's license.

**Section 6** requires the Department to provide a translator to applicants who cannot read or understand notices relating to the petition process, substitutes "applicant" for "person" to achieve consistency in terms, and corrects capitalization errors.

**Section 7** requires petitions to be processed at DMV's central office in Madison, and the creation of a written file documenting all activity and communications concerning the application processing. The section also corrects capitalization errors.

**Section 8** details the petition process and does all of the following:

- Requires two successive written requests to the applicant to provide additional information that is reasonably likely to lead the Department to the discovery of correct birth information or secondary documentation required to verify the applicant's name, date of birth or U.S. citizenship.

- Requires a telephone call to the applicant to request the applicant provide additional information, if the telephone number is known and the applicant failed to respond to the two prior letters.

- Requires the Department to suspend its investigation into a petition if the applicant fails to provide additional information in a timely manner, after two successive letters and telephone call. The rule requires the Department to send detailed written notice of the suspension to the applicant, requesting additional information, and notifying the applicant that no identification card receipts will be issued to him or her after 180 days if no additional information is provided within that time.

- Requires the written denial of an application if it remains suspended for 180 days without the applicant providing any additional information.

- Requires suspension of an investigation if the administrator or specified DMV managers determine the application is fraudulent, requires written notice to the applicant of the suspension and the reasons for the suspension, and requires the Department to refer the suspected fraud to law enforcement.

- Requires the resumption of an investigation, regardless of any prior suspensions or denial, and the immediate issuance of an identification card receipt if the applicant provides additional information that is reasonably likely to lead the Department to the discovery of correct birth information or secondary documentation.

- Requires the applicant to act in good faith and use reasonable efforts to provide information to assist the Department in locating and obtaining correct birth information or secondary documentation.

- Requires DMV to use reasonable efforts, promptly and with due diligence, to locate and obtain additional documentation by following leads provided by the applicant.

- Establishes the qualifications of those who research leads provided by the applicant.

- Requires DMV to pay fees required by the record custodian for secondary documentation.

DEF-DMV162627

• Requires the administrator to approve a petition whenever he or she is satisfied that the applicant's name, date of birth and U.S. citizenship is, more likely than not, correct based on secondary documents and other corroborating evidence.

**Section 9** specifies those subordinates to whom the DMV administrator may delegate authority to accept or reject secondary proof of the applicant's name, date of birth or U.S. citizenship.

**Section 10** creates a temporary identification card receipt usable for voting purposes while the identification card application is being processed, and does all of the following:

• Requires the issuance of an identification card receipt pursuant to s. 343.50(1)(c), Stats., to any qualified applicant for an identification card free of charge for voting purposes who makes a petition under Trans 102.15(5m) that cannot be resolved within 5 working days. The Department must mail the receipt to the applicant no later than the sixth business day after he or she submitted the petition, which delay will permit DMV time to complete processing the majority of petitions in the existing process set forth in Trans 102.15(5m) without having to issue a receipt pursuant to this rule.

• Establishes the required contents of the receipt, which shall include a clear mark stating "FOR VOTING PURPOSES ONLY". The receipt shall also include other information required on driver licenses and identification cards by ss. 343.17(3) and 343.50(4g), Stats.

• Establishes provisions for cancellation or refusal to issue a receipt and for the issuance of a replacement.

• Prohibits issuance of a receipt after an application is denied, unless the applicant provides additional information. The Department must issue a receipt to any applicant whose application is denied whenever the applicant provides additional information sufficient to revive the Department's investigation.

• Requires the applicant to notify the Department of a change in address within 30 days, so that any receipts and correspondence may be delivered to the correct address.

• Applies this emergency rule to petitions currently under consideration or already denied due to missing information by issuing receipts to any of the following:

   • Applicants whose petitions were filed 6 or more working days previously and were not denied.

   • Applicants whose petitions were previously denied, together with a request for additional information, and a notice that the Department will cease issuing receipts if the applicant provides no additional information within 180 days. The Department will deem these applications to have been suspended, with no active investigation until the applicant provides additional information.

**Section 11** states the effective date and duration of this emergency rule.

**Summary of and Comparison with Existing or Proposed Federal Statutes and Regulations:**
Federal law generally does not regulate the issuance of identification cards by states; however federal law, the "REAL-ID law", P.L. 109-13, section 202 (d) (11), prohibits the use of state-issued identification cards for purposes of federal identification or any other official federal purpose, such as entering federal buildings or airports, unless the identification card application included federally required documents and the state stored and retained those documents. Federal law requires that identification cards that do not meet those requirements be distinct in appearance from those that do.

**Comparison with Rules in Adjacent States:**
**Illinois**: Illinois requires applicants for an original identification card or driver's license to provide documentary proof of signature, date of birth, social security number and residency. Documents acceptable to prove date of birth are original: Adoption Records; Birth Certificate; Court Order -- Change of Birth Date; Certified Grade/High School/College/University Transcript; U.S. Citizenship and Immigration Services (USCIS) forms; U.S. Visa Military Driver's License -- U.S.; Military Identification Card -- U.S.; Military Service Record -- DD214; Naturalization Certificate; Passport -- Valid with Complete Date of Birth; U.S. Passport Card - Valid with Complete Date of Birth; or Social Security Award Letter (Primary Beneficiary Only). 92 Ill. Adm. Code 1030 App. B.

Illinois issues identification cards for the homeless at no cost. Applicants for a no-fee homeless identification card must provide proof of name, date of birth and social security number, but in lieu of proof of address may submit a 'homeless status certification' signed by the homeless applicant before: a notary public and attested to by a representative of a homeless service agency that receives public funding; an attorney; a public school homeless liaison or school social worker; a human services provider funded by the State of Illinois; or a representative of a religious organization that offers services to the homeless. 92 Ill. Adm. Code 1030.12; 92 Ill. Adm. Code 1030 App. B.

**Iowa**: An applicant for an original driver's license or identification card must provide proof of identity, date of birth, social security number, Iowa residency and current residential address, and lawful status in the United States. IA ADC 761-601.5(321). To establish identity and date of birth, an applicant must submit at least one of the following documents: a valid, unexpired U.S. passport or U.S. passport card; a certified copy of a birth certificate and, if applicable, a certified amended birth certificate showing a change in name, date of birth, or sex, filed with a state office of vital statistics or equivalent agency in the applicant's state of birth. The birth certificate must be a certified copy and have the stamp or raised seal of the issuing authority. A hospital-issued certificate is not acceptable. The following are acceptable: Consular Report of Birth Abroad issued by the U.S. Department of State; a valid, unexpired Permanent Resident Card issued by the U.S. Department of Homeland Security or U.S. Immigration and Naturalization Service; an unexpired employment authorization document issued by the U.S. Department of Homeland Security; an unexpired foreign passport with a U.S. visa affixed, accompanied by the approved 1-94 form documenting the applicant's most recent admittance into the United States; certificate of Naturalization issued by the U.S. Department of Homeland Security; a Certificate of Citizenship issued by the U.S. Department of Homeland Security; a REAL ID driver's license or identification card issued in compliance with the standards established by 6 CFR Part 37; such other documents as the U.S. Department of Homeland

Security may designate as acceptable proof of identity and date of birth for REAL ID purposes by notice published in the Federal Register; an Inmate Descriptor Inquiry, Client Information Inquiry or Offender Snapshot document issued by the Iowa Department of Corrections or the United States District Court, Northern and Southern Districts of Iowa. The document must contain the applicant's full legal name and date of birth, and must be notarized. IA ADC 761-601.5(321).

**Michigan**: Michigan requirements for state identification cards are set forth in statute and do not appear to be addressed in administrative code. In general, residents applying for a state identification card must present documentation of a valid social security number, U.S. citizenship or legal presence, identification and Michigan residency. Mich. Comp. Laws Annot. 28.304. Application requirements for a "Standard official state personal identification card" are set forth at Mich. Comp. Laws Annot. 28.291 to 28.300. The following documents are acceptable proof of identity: Out-of-state, U.S. territories, or Canadian driver's license or identification card, expired for less than one year; marriage license issued in the U.S.; divorce decree issued in the U.S.; U.S. court order for a name change; photo identification card issued by a federal or Michigan government agency; U.S. Customs and Border Protection Trusted Traveler Card; U.S. military identification card with photo; U.S. military discharge or separation documents; Tribal photo identification card from a federally recognized Native American tribe; Michigan Department of Corrections prisoner identification card (requires verification); Michigan driver education certificate (applicants age 18 and younger); Michigan adoption record; or U.S. school records (school ID cards with name and photo, diplomas, transcripts or yearbooks). If the applicant is below age 18 and does not have one of the above, a parent or guardian must present his or her driver's license or identification card and sign for the child.

**Minnesota**: Minnesota requires applicants for original driver's license or identification card to provide documentary proof of date of birth, full legal name, social security number, photographic identity, and U.S. citizenship. The applicant must present one legible, unaltered, primary document that contains the applicant's full name and date of birth as proof of name, date of birth, and identity, which are described as follows: a copy of the applicant's record of birth certified by the issuing government jurisdiction of the United States or U.S. territory; a certified copy of an adoption certificate with the applicant's full name and date of birth from a United States court of competent jurisdiction; an unexpired identification card issued to the applicant by the United States Department of Defense for active duty, reserve, or retired personnel; a valid unexpired passport issued to the applicant by the United States Department of State; an applicant or owner may present a valid, unexpired passport issued to the applicant from a jurisdiction other than the United States Department of State with either a United States Department of Justice or United States Department of Homeland Security Arrival and Departure Form I-94 attached or an unexpired I-551 stamp; a Canadian birth certificate or Canadian naturalization certificate with a United States Department of Justice or a United States Department of Homeland Security Arrival and Departure Form I-94 attached, bearing the same name as that on the Canadian birth certificate or Canadian naturalization certificate and containing an unexpired endorsement of the alien's nonimmigrant status or authorized presence; or one of the listed documents issued by the United States Department of Justice or the United States Department of Homeland Security including Certificate of Naturalization, Certificate of Citizenship, United States Citizen Identification card, Permanent Resident or Resident Alien card, Northern Mariana card, American Indian

card, employment authorization document with a photograph, or unexpired Re-entry Permit/Refugee Travel Document. MN Adm. Code 7410.0400.

Minnesota does grant variances to applicants whose required documentation is not available. MN ADC 7410.0600. If a person is unable to comply with the proof requirements of part 7410.0400, the person may make written application to the commissioner of public safety or a designee for a variance. The applicant must submit written documentation of the reasons why a variance should be granted, including the reasons the required documents are not available. The applicant must provide additional information regarding the applicant's name and identity, such as names of relatives, date and place of birth, place of residence, social security number, military service information, and any arrest information, to aid the commissioner in verifying the applicant's identity. In making a decision to grant or deny the variance, the commissioner or a designee shall consider the following: the availability of the required documents; the degree of hardship placed on the applicant; the effect of granting the variance on the public; the effect of granting the variance on the integrity of the record system; and the trustworthiness of the information supplied by the applicant regarding the applicant's name and identity. The commissioner shall grant the variance if all of the following conditions are present: the documents required by part 7410.0400 are either not reasonably available or do not exist; compliance with part 7410.0400 would cause an undue hardship for the applicant; granting the variance will have no adverse effect on the public; granting the variance will not jeopardize the integrity of the record system; and the applicant has established the applicant's name and identity by trustworthy evidence and documentation. MN Adm. Code 7410.0600.

Minnesota does issue a state identification card at a reduced fee to a qualified applicant with a condition of developmental disability, mental illness, or a physical disability. MN Adm. Code 7410.0700.

**Summary of Factual Data and Analytical Methodologies:** To develop this rule, the Department reviewed state laws related to issuance of an identification card and steps taken to provide verification during a petition process. The Department also analyzed its policies and practices under the existing petition process to obtain the information and documentation necessary to complete application processing, the number of applications made to the petition process since the implementation of the new petition process set forth in Trans 102.15(5m), the number of applications resolved within a specific number of days, and other data collected within the existing process. The Department also analyzed the time in which secondary proof was obtained and verified.

**Analysis and Supporting Documents Used to Determine Effect on Small Business:** Identification cards are issued only to natural persons. The Department identified no effect on small businesses related to this rule.

**Effect on Small Business:** The Department anticipates no effect on small businesses as a result of this rule. The Department is unaware of any business that provides assistance in obtaining government documents required to support an application for an identification card.

The agency contact person listed below is also the small business regulatory coordinator for this proposed rule. This proposed rule, fiscal estimate, and other related documents may be viewed at https://docs.legis.wisconsin.gov/code.

**Agency Contact Person:**
Kristina Boardman, Administrator
Division of Motor Vehicles
4802 Sheboygan Avenue, Room 225
Madison, WI 53707
Phone: (608) 261-8605
Email:  kristina.boardman@dot.wi.gov

**Finding of Emergency:**  This emergency rulemaking is necessary to preserve the public welfare by ensuring that those who cannot obtain acceptable photographic identification for voting purposes with reasonable effort will be able to obtain photographic identification before the next scheduled statewide elections in February 2017 and April 2017.  An existing emergency rule, EmR 1618, also relates to Operator's Licenses and Identification Cards; however, EmR 1618 expires on December 8, 2016.  Given the legislative session schedule, it is not possible to complete the full rulemaking process for the permanent rule.

This emergency rulemaking is also necessary to preserve the integrity of the verification process utilized by the Department in issuing an identification card while still preserving the public welfare by ensuring that qualified applicants who may not be able to obtain acceptable photographic identification for voting purposes with reasonable effort will be able to obtain photographic identification before the next scheduled elections. The rule provisions regarding the issuance, contents, cancellation, refusal to issue, and term of a receipt establish parameters to ensure the continued integrity of the identification process while still addressing the underlying needs of qualified individuals who may not otherwise be able to obtain the identification required in upcoming elections. The rule also codifies common law provisions, required timelines, standards and common-sense best practices identified by DMV that ensure consistency and limit the DMV administrator's discretion in processing petition applications.

<u>TEXT OF EMERGENCY RULE</u>

**SECTION 1. Trans 102.15(3)(c) is created to read:**
Trans 102.15(3)(c) For an identification card, to establish a name other than the name that appears on a supporting document, the person may provide evidence acceptable to the administrator that the person has used the name in a manner that qualifies the name as being legally changed under the common law of Wisconsin, including evidence of the person's prior name, changed name, the length of time the person has consistently and continuously used the changed name, an affirmation that the person no longer uses the prior name, and an affirmation that the person did not change his or her name for a dishonest or fraudulent

purpose or to the injury of any other person. The department shall mark an identification card issued under this subdivision in the manner described in s. 343.03(3r), Stats.

> NOTE: See, State v. Hansford, 219 Wis. 2d 226, 580 N.W.2d 171 (1998); 35 Wis. Op. Atty. Gen. 178, 179 (1946).

**SECTION 2. Trans 102.15(3)(d) is amended to read:**
Trans 102.15(3)(d) The administrator shall approve a name change requested by a person who cannot provide documentation under par. (a) 17. of a lawful change of name ~~if the person provides~~ but who does one of the following:

1. Provides proof of identity specified in sub. (4) in the new name, and the administrator receives from the federal social security administration evidence or confirmation of the name change.

**SECTION 3. Trans 102.15(3)(d)2. is created to read:**
Trans 102.15(3)(d)2. Applies for an identification card and provides an affidavit declaring all facts required under par. (c) to prove a name change under the common law of Wisconsin.

**SECTION 4. Trans 102.15(5)(a) is amended to read:**
Trans 102.15(5)(a) Each person who applies for an operator's license or ~~ID~~ identification card is required to provide his or her social security number, except that Class D and M license applicants may be issued licenses without social security numbers as provided in pars. (b) and (c) and that an applicant requesting an identification card without charge for purposes of voting may be issued an identification card receipt under s. 343.50(1)(c), Stats., without a social security number as provided in pars. (b), (bm) and (c). The department may verify the number with the federal social security administration prior to acceptance for issuance of an operator's license or identification card, may delay issuance of a license if verification cannot be completed at the time of application, or may cancel a license if verification is requested after license issuance and the person does not provide verification. The original social security card or other documentation satisfactory to the department to prove the person's social security number shall be presented to the examiner for verification of the number, when any of the following apply:

**SECTION 5. Trans 102.15(5)(d) is created to read:**
Trans 102.15(5)(d) Any person issued an identification card without charge for purposes of voting without a social security number as provided in par. (a) is required to provide his or her social security number on any subsequent application for an instruction permit or operator's license, unless another exception applies to that application.

**SECTION 6. Trans 102.15(5m)(b)1. is amended to read:**
Trans 102.15(5m)(b)1. If a person applies for and requests an identification card without charge for the purposes of voting and the person's proof of name and date of birth under sub. (3) or of proof of U.S. citizenship under sub. (3m) is unavailable, the ~~person~~ applicant may make a written petition to the administrator for an exception to the requirement for which proof is unavailable. The department shall provide appropriate translation for any applicant who is unable to read or understand the petition process

instructions and related communications under this subsection or sub. (6m). The petition shall include the ~~person's~~ applicant's statement under oath or affirmation of all of the following: that the person is unable to provide documentation under sub. (3) or proof of citizenship under sub. (3m); that the documents are unavailable to the person; and of his or her name, date of birth, place of birth, and such other birth record information requested by the ~~Department~~ department, or the person's alien or U.S. citizenship and immigration service number or U.S. citizenship certificate number.

**SECTION 7. Trans 102.15(5m)(b)2. is amended to read:**

Trans 102.15(5m)(b)2. Upon receiving a petition that meets the requirements under subd. 1., the department of transportation shall forward the petition to the central office of its division of motor vehicles for processing. The administrator shall provide the person's birth record information to the ~~Department~~ department of health services, for the sole purpose of verification by the ~~Department~~ department of health services of the person's birth certificate information or the equivalent document from another jurisdiction, other than a province of the Dominion of Canada, or to a federal agency for the sole purpose of verifying the person's certificate of birth abroad issued by the U.S. ~~Department~~ department of state, or of verifying the person's alien or U.S. citizenship and immigration service number or U.S. citizenship certificate number. The administrator shall open a file containing the petition and shall create therein a report with a dated record of events, including all communication to or with the applicant. The ~~Department~~ department of transportation may not complete processing of the application prior to receiving verification under this subdivision, except as provided in subd. 3.

**SECTION 8. Trans 102.15(5m)(b)3. is amended to read:**

Trans 102.15(5m)(b)3. If the ~~Department~~ department of transportation does not receive verification under subd. 2. within 30 days or receives notice under subd. 2., that the birth information provided by the applicant does not match that of the birth record custodian, the ~~Department~~ department of transportation shall promptly notify the ~~person~~ applicant in writing of that failure to verify. ~~The~~ and request the applicant to provide additional information within 10 days. If the applicant does not respond within 10 days, the department of transportation shall send the applicant a second letter with substantially similar contents. If the applicant does not respond to the second letter within 10 days and the department of transportation knows the applicant's telephone number, the department of transportation shall call the applicant on the telephone and request the applicant to provide additional information within 10 days. If 30 days have elapsed since the date of the first letter sent under this subdivision without contact from the applicant, the department of transportation shall suspend the investigation and send written notice that the applicant has not responded, that the department of transportation has no further leads for it to locate or obtain secondary documentation or verification of birth information, that the department of transportation has suspended its investigation or research until such time as the applicant provides additional information, and that if the applicant provides no additional information within the next 180 days the petition will be denied and no further identification card receipts will be issued under sub. (6m). If the administrator, or delegate described in par. (c), determines that an applicant has knowingly made a false statement or knowingly concealed a material fact or otherwise committed a fraud in an application, petition or additional information, the department of transportation shall immediately suspend the investigation, shall notify the applicant in writing of the suspension and the reason for the suspension, and refer the suspected fraud to law enforcement. If the applicant fails to contact the department of transportation within 180 days after the

DEF-DMV162634

department of transportation suspends the investigation, the administrator shall deny the petition in writing and shall inform the applicant that the department of transportation will resume the investigation if the applicant provides additional information. Whenever an applicant provides additional information, the investigation under this subdivision shall begin anew, notwithstanding any prior denial. An applicant whose petition is suspended or denied may revive the petition at any time by providing additional information to the administrator. The applicant shall act in good faith and use reasonable efforts to provide additional information to assist the department of transportation in processing the application. The administrator shall investigate the petition and all additional information provided by the applicant under this subdivision with prompt and due diligence and shall use reasonable efforts to locate and obtain the secondary documentation by pursuing leads provided by the applicant. Investigations may only be completed within the division of motor vehicles' central office by employees whose regular job duties include investigation and fraud detection and prevention. If the investigation discovers new or corrected birth information, the department of transportation shall resubmit the new or corrected birth information to the department of health services for verification under subd. 2. The department of transportation shall pay any actual, necessary fees required by the record custodian to obtain the secondary documentation. The administrator shall grant a petition when he or she concludes, on the basis of secondary documentation or other corroborating information, that it is more likely than not that the name, date of birth or U.S. citizenship provided by the applicant is correct. In this subdivision, "additional information" means information not previously provided to the department of transportation that could reasonably lead the department of transportation to discover correct birth information or secondary documentation as described in subd. 3g.

3g. If the department of health services does not verify the birth record information within 30 days, the ~~Department~~ department of transportation may ~~thereafter~~ issue an identification card to the ~~person~~ applicant only if the ~~Department~~ department of transportation receives verification under subd. 2., if the ~~person~~ applicant provides proof required under sub. (3) or (3m), or if the ~~Department~~ department of transportation receives other secondary documentation ~~that is extraordinary proof and deemed~~ acceptable to the administrator ~~to prove name, date of birth or U.S. citizenship~~ and deemed sufficient under subd. 3., which may include the following:

**SECTION 9. Trans 102.15(5m)(c) is amended to read:**
Trans 102.15(5m)(c) The administrator may delegate to the ~~administrator's subordinates~~ deputy administrator or to a bureau director, as described in s. 15.02(3)(c)2., Stats., whose regular responsibilities include driver licensing and identification card issuance, the authority to accept or reject such extraordinary proof of name, date of birth, or U.S. citizenship under this subsection.

**SECTION 10. Trans 102.15(6m) is created to read:**
Trans 102.15(6m) TEMPORARY IDENTIFICATION CARD RECEIPT. (a) *Issuance process*. The department shall issue an identification card receipt under s. 343.50(1)(c), Stats., to any individual who has applied for an identification card without charge for the purposes of voting and who makes a written petition under Trans 102.15(5m). The department shall issue the receipt not later than the sixth working day after the applicant made the petition. The department shall issue a receipt under this subsection only by first-class mail. The department shall issue a new receipt to the applicant not later than 10 days before the expiration date of the prior receipt, and having a date of issuance that is the same as the expiration date of

the prior receipt. The department shall issue no receipt to an applicant after the denial of a petition under sub. (5m)(b)3., except that if the applicant provides additional information that revives an investigation under sub. (5m)(b)3., the department shall immediately issue, and continue to reissue, a receipt to the applicant as provided in that subdivision.

(b) *Contents.* An identification card receipt issued under this subsection shall constitute a temporary identification card while the application is being processed under Trans 102.15(5m) and shall be valid for a period not to exceed the period specified in s. 343.50(1)(c), Stats. The department shall clearly mark the receipt "FOR VOTING PURPOSES ONLY" as validated for use for voting as provided in ss. 5.02(6m)(d) and 6.79(2)(a), Stats. A receipt issued under this subsection shall contain the information specified under s. 343.17 (3), Stats., including the date of issuance, the expiration date, the name and signature of the applicant to whom it was issued and, except as authorized in s. 343.50(4g), Stats., a photograph of the individual to whom it was issued, and may contain such further information as the department deems necessary.

(c) *Replacement.* The department shall issue a replacement identification card receipt under par. (a) upon request of the applicant to whom it is issued if the receipt is lost or destroyed.

(d) *Cancellation or refusal.* Notwithstanding par. (a), the department shall cancel or refuse to issue an identification card receipt under this subsection upon the circumstances specified in s. 343.50(10), Stats., upon the issuance of an operator's license or identification card to the applicant, upon the applicant's request, upon the denial of the application, upon return to the department of a receipt as non-deliverable, or whenever the department receives information from a local, state, or federal government agency that the applicant is not a U.S. citizen.

(e) *Address changes*. Whenever any applicant, after receiving an identification card receipt under this subsection, moves from the address named in the application or in the receipt issued to him or her or is notified by the local authorities or by the postal authorities that the address so named has been changed, the applicant shall, within 30 days, notify the department in writing of his or her change of address. Upon receiving a notice of change of address, the department shall promptly issue a new receipt under par. (a) showing the correct address and having the expiration date of the prior receipt.

(f) *Emergency rule implementation.* On the effective date of this emergency rule, the department shall do all of the following:

1. Issue a receipt under par. (a) to any applicant who made a petition more than 5 working days before the effective date of this paragraph whose petition has not been denied or is not subject to cancellation or refusal under par. (d).
2. Issue an identification card receipt to any applicant whose petition was denied prior to the effective date of this paragraph, shall deem the applicant's petition to have been suspended under sub. (5m)(b)3. on that date, and shall send the applicant written notice of the action under this subdivision together with the information required in a notice of suspended investigation.

DEF-DMV162636

**SECTION 11. EFFECTIVE DATE:** This emergency rule takes effect upon publication, and remains in effect for 150 days. The department may seek to extend this emergency rule as provided in s. 227.24, Stats.

**(END OF RULE TEXT)**

DEF-DMV162637