IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONE WISCONSIN INSTITUTE, INC., *et al.*,

    Plaintiffs,

    v.                                 Case No. 15-CV-324-JDP

ANN S. JACOBS, Chair, Wisconsin
Elections Commission, *et al.*,

    Defendants.

---

JUSTIN LUFT, *et al.*,

    Plaintiffs,

    v.                                 Case No. 20-cv-768-JDP

TONY EVERS, *et al.*,

    Defendants.

---

**PLAINTIFFS' JOINT MOTION FOR A STATUS CONFERENCE**

---

These consolidated challenges to Wisconsin's ID petition process (IDPP) are on remand from the Seventh Circuit. *See Luft v. Evers,* 963 F.3d 665 (7th Cir. 2020). After extensive accelerated discovery and cross-briefing on plaintiffs' motions for preliminary injunction and defendants' motion for summary judgment, this Court on September 28, 2020 denied summary judgment in its entirety; ordered the Wisconsin Elections Commission (WEC) and Wisconsin Department of Transportation's Division of Motor Vehicles (DMV) to make what the Court described as "modest changes" to the IDPP prior to the November 3 election; and "defer[ed]

decisions on more fundamental reforms to the IDPP until after the general election is certified." ECF No. 425 at 2; *see* ECF No. 426 (preliminary injunction order).  The Court advised that, "[a]fter the results of the November 3 election are certified, the court will schedule a status conference to discuss with the parties what additional steps are needed to bring this case to a resolution."  ECF No. 425 at 9.

The Court reiterated in its September 28 decision that the so-called "temporary receipt system" does *not* "satisfy the state's constitutional duties."  *Id.* at 4.  "[Q]ualified electors are entitled to vote as a matter of constitutional right, not merely by the grace of the executive branch of the state government."  *Id.* (quoting *One Wisconsin Inst., Inc. v. Thomsen,* 198 F. Supp. 3d 896, 916 (W.D. Wis. 2016)).  The Court continued (*id.* at 4-5):

> It is true that defendants have refined the process so that temporary receipts are now automatically renewed every 60 days until a petition is granted or denied. This alleviates some burden on petitioners, but plaintiffs point to examples of petitioners who continue to get "stuck" in the process for months or even years through no fault of their own while they wait for state officials to exercise their discretion.  Defendants do not acknowledge that group of petitioners in their opening brief, even though those petitioners were the focus of the court's 2016 decision.
>
> Plaintiffs lay the blame for the continued problems on the way the IDPP is implemented, most notably that the state fails to adhere to its own standard that a petition should be granted if it is "more likely than not" that the petitioner is eligible to vote.  Instead, plaintiffs say, the state continues searching for more corroborating documentation, subjecting petitioners to unreasonable demands for information and leaving them in a state of limbo indefinitely, even after it becomes clear that petitioners are qualified.
>
> The parties dispute the extent and causes of some petitioners' continued difficulties in obtaining a long-term ID.  But the court is persuaded that the evidence cited by plaintiffs is sufficient to show that there are genuine issues of fact on the question whether qualified electors continue to face unreasonable burdens on their right to vote.  *See* Fed. R. Civ. P. 56(a).

Plaintiffs respectfully move the Court to schedule a status conference to discuss with the parties the additional steps needed to bring this case to a resolution, including trying the genuine

2

issues of fact identified in the Court's September 28 decision and deciding whether "more fundamental reforms to the IDPP" are necessary. *Id.* at 2.

## Conclusion

For these reasons, plaintiffs move the Court for a status conference. Plaintiffs' counsel are prepared to appear for such a conference at the Court's convenience.

Dated this 4th day of May, 2021.

                                                  Respectfully submitted,

/s/ *Charles G. Curtis, Jr.*
Charles G. Curtis, Jr.
Perkins Coie LLP
33 East Main Street, Suite 201
Madison, WI 53703
Telephone: (608) 663-5411
Facsimile: (608) 663-7499
CCurtis@perkinscoie.com

Bobbie J. Wilson
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94111-4131
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
BWilson@perkinscoie.com

Marc E. Elias
Bruce V. Spiva
Elisabeth C. Frost
Amanda R. Callais
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
MElias@perkinscoie.com
BSpiva@perkinscoie.com
EFrost@perkinscoie.com
ACallais@perkinscoie.com

*Attorneys for One Wisconsin Plaintiffs*

/s/ *Karyn L. Rotker*
Karyn L. Rotker
ACLU of Wisconsin Foundation, Inc.
207 East Buffalo Street, Suite 325
Milwaukee, WI 53202
Phone: (414)-272-4032 x12
Fax: (414)-272-0182
krotker@aclu-wi.org

Dale E. Ho
T. Alora Thomas
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212)-549-2648
dho@aclu.org
athomas@alcu.org

<div style="column-count:2">

Neil A. Steiner
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Phone: (212)-698-3500
Fax: (212)-698-3599
neil.steiner@dechert.com

Angela M. Liu
Dechert LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Phone: (312)-646-5800
Fax: (312)-646-5858
angela.liu@dechert.com

Selby Brown
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Phone: (215)-994-4000
Fax: (215)-994-2222
selby.brown@dechert.com

Tristia Bauman
National Law Center for Homelessness & Poverty
2000 M Street NW, Suite 210
Washington, D.C. 20036
Phone : (202)-638-2535

Ceridwen B. Cherry
American Civil Liberties Union Foundation
915 15th Street N.W., 6th Floor
Washington, D.C. 20005
Phone: (202)-675-2326
Fax: (202)-546-0738
ccherry@aclu.org

Anna Q. Do
Dechert LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Phone: (213)-808-5760
Fax: (213)-808-5760
anna.do@dechert.com

Tharuni A. Jayaraman
Dechert LLP
1900 K Street NW
Washington, D.C. 20006
Phone: (202)-261-3330
Fax: (202)-261-3333
tharuni.jayaraman@dechert.com

</div>

*Attorneys for Luft Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 4th day of May, 2021, I filed the foregoing document using the Court's CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                                                   */s/ Charles G. Curtis, Jr.*
                                                                   Charles G. Curtis, Jr.