**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

ONE WISCONSIN INSTITUTE, INC., *et al.*,

      Plaintiffs,


     v.                           Case No. 15-CV-324-JDP

ANN S. JACOBS, Chair, Wisconsin
Elections Commission, *et al.*,

      Defendants.

---

JUSTIN LUFT, *et al.*,

      Plaintiffs,


     v.                           Case No. 20-cv-768-JDP

TONY EVERS, *et al.*,

      Defendants.

---

**JOINT STIPULATED PROPOSED SCHEDULE**

---

Pursuant to this Court's July 30, 2021 Order, the parties respectfully submit this Joint Stipulated Proposed Schedule for the remainder of this case through trial. The chart below identifies the aspects of the schedule agreed upon by all parties and aspects of the schedule with which Plaintiffs and Defendants still disagree after negotiation with the agreed-upon dates bolded. Each side has also included its proposed schedule separately below, and with a brief explanation explaining the basis of their major disagreements.

| Deadline | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| **Deadline to serve additional written discovery requests** | **August 13, 2021** | **same** |
| **Depositions begin** | **September 7, 2021** | **same** |
| **Plaintiffs' Expert Disclosures with Briefing in support of Expert Testimony** | **September 13, 2021** | **same** |
| Briefing in opposition to Expert Testimony | September 24, 2021 | September 30, 2021 |
| Replies in support of expert testimony | September 30, 2021 | November 7, 2021 |
| Deadline to disclose potential fact witnesses | October 22, 2021 | N/A (Defendants propose a trial witness list exchange on October 1) |
| Defendants Rebuttal Experts Disclosed | Within 30 days of Court ruling on admissibility of expert testimony if allowed | N/A |
| Plaintiffs' Expert Reports Due | November 2, 2021 | November 19, 2021 |
| Ruling on Plaintiffs' request for expert testimony | N/A (Court to rule on its own schedule shortly after briefing is completed) | Approximately November 15, or as soon thereafter as is convenient for the Court |
| All Fact Discovery completed | November 19, 2021 | December 10, 2021 |
| Defendants' Expert Reports Due | November 23, 2021 | 30 days after court decision on expert testimony (approx. December 15) |
| Plaintiffs' Expert Reply Reports Due[1] | December 7, 2021 | 14 days after Defendants' Expert Response Reports Due (approx. December 29) |

---

[1] Plaintiffs wish to reserve the right to address any additional fact issues that arise between when Plaintiffs' initial expert report(s) are due and the end of fact discovery in a reply report in addition to any replies to Defendants' expert report(s).

| Deadline | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Expert Discovery Close | December 21, 2021 | 14 days after Plaintiffs' Expert Reply Reports Due (approx. January 12, 2021) |
| Parties exchange proposed stipulated facts | January 14, 2022 | November 19, 2021 |
| Deadline to Disclose Fact Witnesses for Trial | January 14, 2022 | October 1, 2021 |
| **Motions in limine due, including motions challenging admissibility of expert testimony[2]** | **January 17, 2022** | **same** |
| Trial exhibit disclosures due | January 18, 2022 | December 23, 2021 |
| Parties exchange responses to proposed stipulated facts | January 21, 2022 | November 24, 2021 |
| Parties confer on proposed stipulated facts | January 25, 2022 | December 1, 2021 |
| Parties file statement of stipulated and disputed facts | January 28, 2022 | December 10, 2022 |
| **Pretrial Order Due** | **January 28, 2022** | **same** |
| **Pretrial Conference** | **February 1, 2022 or otherwise convenient for the Court** | **same** |
| **Trial** | **February 10-11, 9 a.m.** | **same** |

[2] Plaintiffs believe that motions in limine are unlikely to be needed including expert challenges given the Court's preliminary expert ruling. But in the event the Court disagrees, this deadline is acceptable to Plaintiffs, with responses due seven days later.

Plaintiffs' Proposed Schedule and Statement Regarding Areas of Disagreement

| Deadline | Date |
|---|---|
| Deadline to serve additional written discovery requests | August 13, 2021 |
| Depositions begin | September 7, 2021 |
| Plaintiffs' Expert Disclosures with Briefing in support of Expert Testimony | September 13, 2021 |
| Briefing in opposition to Expert Testimony | September 24, 2021 |
| Replies in support of expert testimony | September 30, 2021 |
| Deadline to disclose potential fact witnesses | October 22, 2021 |
| Defendants Rebuttal Experts Disclosed | within 30 days of Court ruling on admissibility of expert testimony if allowed |
| Plaintiffs' Expert Reports Due | November 2, 2021 |
| All Fact Discovery completed | November 19, 2021 |
| Defendants' Expert Reports Due | November 23, 2021 |
| Plaintiffs' Expert Reply Reports Due[3] | December 7, 2021 |
| Expert Discovery Close | December 21, 2021 |
| Parties exchange proposed stipulated facts | January 14, 2022 |
| Motions in limine due, including motions challenging admissibility of expert testimony[4] | January 17, 2022 |
| Trial exhibit disclosures due | January 18, 2022 |

---

[3] Plaintiffs wish to reserve the right to address any additional fact issues that arise between when Plaintiffs' initial expert report(s) are due and the end of fact discovery in a reply report in addition to any replies to Defendants' expert report(s).

[4] Plaintiffs believe that motions in limine are unlikely to be needed including expert challenges given the Court's preliminary expert ruling. But in the event the Court disagrees, this deadline is acceptable to Plaintiffs, with responses due seven days later.

| Deadline | Date |
|---|---|
| Parties exchange responses to proposed stipulated facts | January 21, 2022 |
| Parties confer on proposed stipulated facts | January 25, 2022 |
| Parties file statement of stipulated and disputed facts | January 28, 2022 |
| Pretrial Order Due | January 28, 2022 |
| Pretrial Conference | February 1, 2022 or as otherwise convenient for the Court |
| Trial | February 10-11, 9 a.m. |

Plaintiffs' proposed schedule represents a compromise in multiple respects, but the parties have been unable to reach agreement in several areas due to fundamental disagreements about: (a) the timing of expert reports and (b) the timing and sequence of disclosure of stipulated facts, trial witnesses, and exhibits lists.

In terms of expert reports, Plaintiffs understand from the last conference that the Court intends to issue a ruling as to whether expert testimony will be allowed promptly after the briefing is submitted, and our proposal is predicated on that understanding. With briefing complete by the end of September, providing the Defendants 30 days after the ruling in which to disclose an expert and until November 23 to produce an expert report provides more than ample time and leaves December available for expert depositions.

As to the disclosure of stipulated facts, trial witnesses, and exhibits, Plaintiffs have proposed a schedule fully in-line with most pretrial orders and one that provides a generous amount of time before trial to review, confer, and object in advance of what is only a two-day bench trial. Indeed, this Court's standard Procedure for Non-Jury Cases proceeds just as Plaintiffs propose,

calling for the exchange of exhibits, conferral as to written stipulations of facts, and finalization of trial witness lists at least two weeks before trial. *See* Procedure for Non-Jury Cases, Standard Attachments for Civil Cases Assigned to Judge Peterson at 37–38.[5] The only difference is that Plaintiffs' proposals would provide for even *more* than the two weeks' notice contemplated in the standard procedure.

By contrast, Defendants propose a schedule that would require disclosure of a final trial witness list, proposed stipulated facts, and exhibits months before trial and while fact and/or expert discovery is still on going. This proposal reverses the normal sequence of the discovery process and turns standard pretrial practices on their head. Defendants' reasons for this extreme departure do not survive the eyeball test.

In terms of trial witnesses, Defendants justify their position by arguing that they only wish to depose the witnesses Plaintiffs will call at trial and no more. Strategic decisions about which witnesses to call at trial often develop over the course of discovery and through deposition testimony, however, and cannot be made well-before the close of fact discovery. Plaintiffs have proposed instead to provide a carefully crafted and not unduly overinclusive list of potential witnesses by October 22—still over three months before trial with approximately a month to take any desired depositions. Defendants will have ample time to choose which potential witnesses they wish to depose with each side afforded the usual amount of time to decide upon its trial strategy.[6]

As to trial exhibits, Defendants' rationale for their early deadline stems from concerns about having ample time to object to Plaintiffs' exhibits, which they suggest were voluminous in previous trials. But given that this is only a two-day trial on narrow issues, an exhibit exchange

---

[5] *See* https://www.wiwd.uscourts.gov/sites/default/files/Attachments_PTC_JDP.pdf.
[6] Plaintiffs likewise need to decide now which of Defendants' employees they need to depose without the benefit of any guidance from Defendants concerning which ones *they* intend to call at trial.

more than three weeks before trial with ten days to lodge objections should provide ample time to both parties.

Finally, as to stipulated facts, Plaintiffs agree with Defendants that they should work collaboratively to identify areas of agreement and narrow the scope of disputed material facts that the Court must evaluate at trial. But demanding those facts prior to the close of both fact and expert discovery will not aid the Court and instead would result in either numerous supplemental filings or an incomplete stipulated record.

Plaintiffs' proposal accords with typical pre-trial practice and provides more than sufficient time for both parties to take discovery and prepare for a two-day bench trial in an efficient manner.

Defendants' Proposed Schedule and Statement Regarding Areas of Disagreement

| | |
|---|---|
| Deadline to serve additional written discovery requests | August 13, 2021 |
| Depositions begin | September 7, 2021 |
| Plaintiffs' Expert Disclosures with Briefing in support of Expert Testimony | September 13, 2021 |
| Briefing in opposition to Expert Testimony | September 30, 2021 |
| Deadline to designate fact witnesses for trial | October 1, 2021 |
| Replies in support of expert testimony | November 7, 2021 |
| Ruling on Plaintiffs' request for expert testimony | Approximately November 15, or as soon thereafter as is convenient for the Court |
| Parties exchange proposed stipulated facts | November 19, 2021 |

| | |
|---|---|
| Plaintiffs' Expert Reports Due | November 19, 2021 |
| Parties exchange responses to proposed stipulated facts | November 24, 2021 |
| Parties confer on proposed stipulated facts | December 1, 2021 |
| Parties file statement of stipulated and disputed facts | December 10, 2021 |
| Defendants' Expert Response Reports Due | 30 days after court decision on expert testimony (approximately December 15) |
| Plaintiffs' Expert Reply Reports Due | 14 days after Defendants' Expert Response Reports Due (approximately December 29) |
| All Fact Discovery completed | December 10, 2021 |
| Trial exhibit disclosures due | December 23, 2021 |
| Expert Discovery Closes | 14 days after Plaintiffs' Expert Reply Reports Due (approximately January 12) |
| Motions in limine due, including motions challenging admissibility of expert testimony | January 17, 2022 |
| Pretrial Order | January 28, 2022 or as otherwise convenient for the Court |
| Pretrial Conference | February 1, 2022 or as otherwise convenient for the Court |
| Trial | February 10-11, 9 a.m. |

Defendants request a schedule that facilitates an efficient trial and permits them to fully understand, and respond to, Plaintiffs' positions. The parties' scheduling disagreements center on four issues: (1) efficiently conducting depositions to minimize unnecessary discovery and making sure the parties have sufficient time to conduct what is needed; (2) timing expert disclosures so the parties do not need to retain experts and pay for reports that may never be used; (3) exchanging

exhibits with enough time to make any necessary objections and otherwise prepare for trial; and (4) ensuring adequate time to narrow the trial with stipulated facts. Each issue is briefly explained below.

1. Efficient witness disclosure and deposition timing. Defendants plan to conduct this stage of litigation efficiently, and do not intend to take broad discovery depositions. Defendants' current intention is to depose only those witnesses who Plaintiffs will call at trial. A key driver of that is knowing Plaintiffs' trial witness with enough time to prepare and to depose them. Defendants' schedule accomplishes that goal; witnesses are designated in October and fact discovery is complete in December. Plaintiffs' alternative is that their disclosure only includes potential witnesses, with less than a month before fact discovery closes. This alternative would require Defendants to depose all potential witnesses on an unnecessarily short schedule, which is far less efficient than focusing on only the necessary depositions with sufficient preparation time. Plaintiffs have had nearly a year with much of the updated discovery to determine who they might designate as trial witnesses, and they have provided no reasonable explanation why they need an additional two months to determine who they might call for trial.

2. Eliminating unnecessary expert reports. Defendants should not be required to pay for expert reports before a decision on which experts will be allowed. Defendants accordingly propose a schedule for disclosing reports that is tied to the Court's decision on what experts will be necessary. Plaintiffs' alternative of making Defendants' expert reports due before Thanksgiving could require Defendants to pay for, and disclose, expert reports that are never used in the case.

3. Timely trial exhibit disclosures. At each stage of this litigation, Plaintiffs have designated voluminous exhibits, including over 200 at the most recent preliminary injunction proceedings alone. (Dkt. 392–396, 401, 405, 416). Defendants' comparatively small litigation

team will need time to review trial exhibits, object if necessary, and prepare responsive evidence. Plaintiffs' proposal includes short timing for pre-trial exhibits, and a mere seven days for any objections. Defendants' alternative proposal will allow a reasonable amount of time to meaningfully review and respond to Plaintiffs' disclosures. Additionally, earlier disclosure will likely facilitate stipulations to facts at trial.

4. <u>Meaningful factual stipulation to narrow contested trial issues</u>. This case is unusual in how much legal and factual development is already complete. Defendants anticipate that the vast majority of matters that might be contested if this were an ordinary trial can be stipulated in what is now the third trial in this litigation. Defendants therefore propose that the parties exchange and discuss stipulated facts starting on November 19; far enough into discovery that the key facts will be known but well in advance of final trial preparation. This process is highly likely to narrow contested issues for both discovery and trial. Plaintiffs' counter-proposal, to exchange proposed stipulations a mere 3 weeks before trial, does not leave enough time for meaningful discussion and ensures that any preparation benefits are lost.

Dated this 13th day of August, 2021.

Respectfully submitted,

Charles G. Curtis, Jr.
Perkins Coie LLP
33 East Main Street, Suite 201
Madison, WI  53703
Telephone: (608) 663-5411
Facsimile: (608) 663-7499
CCurtis@perkinscoie.com

Bobbie J. Wilson
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA  94111-4131
Telephone:  (415) 344-7000
Facsimile:  (415) 344-7050
BWilson@perkinscoie.com

 /s/ *Bruce V. Spiva*
Marc E. Elias
Bruce V. Spiva
Elisabeth C. Frost
Amanda R. Callais
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C.  20005-3960
Telephone:  (202) 654-6200
Facsimile:  (202) 654-6211
MElias@perkinscoie.com
BSpiva@perkinscoie.com
EFrost@perkinscoie.com
ACallais@perkinscoie.com

*Attorneys for One Wisconsin Plaintiffs*

/s/ *Karyn L. Rotker*
Karyn L. Rotker
ACLU of Wisconsin Foundation, Inc.
207 East Buffalo Street, Suite 325
Milwaukee, WI 53202
Phone: (414)-272-4032 x12
Fax: (414)-272-0182
krotker@aclu-wi.org

Dale E. Ho
T. Alora Thomas
Davin M. Rosborough
Samantha Osaki
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212)-549-2648
dho@aclu.org
athomas@alcu.org
drosborough@aclu.org
sosaki@aclu.org

Neil A. Steiner
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Phone: (212)-698-3500
Fax: (212)-698-3599
neil.steiner@dechert.com

Angela M. Liu
Dechert LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Phone: (312)-646-5800
Fax: (312)-646-5858
angela.liu@dechert.com

Anna Q. Do
Dechert LLP
US Bank Tower

Tharuni A. Jayaraman
Dechert LLP
1900 K Street NW

633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Phone: (213)-808-5760
Fax: (213)-808-5760
anna.do@dechert.com

Selby Brown
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Phone: (215)-994-4000
Fax: (215)-994-2222
selby.brown@dechert.com

Washington, D.C. 20006
Phone: (202)-261-3330
Fax: (202)-261-3333
tharuni.jayaraman@dechert.com

Tristia Bauman
National Law Center for Homelessness &
Poverty
2000 M Street NW, Suite 210
Washington, D.C. 20036
Phone : (202)-638-2535

*Attorneys for Luft Plaintiffs*

ERIC J. WILSON
Deputy Attorney General of Wisconsin

Electronically signed by:

*/s/ S. Michael Murphy*
S. MICHAEL MURPHY
Assistant Attorney General
State Bar #1078149

GABE JOHNSON-KARP
Assistant Attorney General
State Bar #1084731

JODY J. SCHMELZER
Assistant Attorney General
State Bar #1027796

*Attorneys for Defendants*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-5457 (Murphy)
(608) 267-8904 (Johnson-Karp)
(608) 266-3094 (Schmelzer)
(608) 267-2223 (Fax)

- 12 -