IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONE WISCONSIN INSTITUTE, INC., *et al.*,

    Plaintiffs,

v.                                      Case No. 15-CV-324-JDP

ANN S. JACOBS, Chair, Wisconsin Elections Commission, *et al.*,

    Defendants.

---

ALICE WEDDLE, *et al.*,

    Plaintiffs,

v.                                      Case No. 20-cv-768-JDP

TONY EVERS, *et al.*,

    Defendants.

---

## STIPULATION AND ~~PROPOSED~~ ORDER REGARDING DISMISSAL

The *One Wisconsin* Plaintiffs and *Weddle* Plaintiffs (collectively, the "Plaintiffs") and Defendants (collectively with Plaintiffs, the "Parties"), by and through their undersigned counsel, state as follows:

WHEREAS, the *Weddle* action was originally brought on December 13, 2011 in the Eastern District of Wisconsin after Wisconsin enacted 2011 Wis. Act 23. *Frank v. Walker*, Case No. 2:11-cv-01128 (E.D. Wis.) (Dkt. 1);

1

WHEREAS, the *One Wisconsin* action was originally brought on May 29, 2015. Case No. 3:15-cv-00324-jdp (W.D. Wis.) (Dkt. 1);

WHEREAS, the cases span numerous district court and Seventh Circuit decisions, including but not limited to *Frank v. Walker*, 768 F.3d 744 (7th Cir. 2014)) ("*Frank I*"); *One Wisconsin Institute, Inc. v. Thomsen*, 198 F. Supp. 3d 896 (W.D. Wis. 2016); *Frank v. Walker*, 819 F.3d 384 (7th Cir. 2016) ("*Frank II*"); *Frank v. Walker*, 835 F.3d 649 (7th Cir. 2016) ("*Frank III*"); and *Luft v. Evers*, 963 F.3d 665 (7th Cir. 2020);

WHEREAS, on July 19, 2016, the district court in *Frank v. Walker* certified a class under Rule 23(b)(2) of "all those eligible to vote in Wisconsin who cannot with reasonable effort obtain a qualifying photo ID," 196 F. Supp. 3d 893, 901 (E.D. Wis. 2016), and found that because the class was "certified under Rule 23(b)(2), there will be no need to identify specific class members so that they may receive notice and an opportunity to opt out," *id.* at 903;

WHEREAS, on August 20, 2020, the *Weddle* action and the *One Wisconsin* action were consolidated and transferred to this Court. *Frank v. Walker*, Case No. 2:11-cv-01128 (E.D. Wis.), Dkt. 362;

WHEREAS, the above-captioned litigation is on remand to examine whether Wisconsin's ID Petition Process ("IDPP"), as implemented, unconstitutionally burdens the right of vote of some or all of its participants. *Luft v. Evers*, 963 F.3d 665, 680 (7th Cir. 2020);

WHEREAS, since remand, the parties have conducted discovery directed at examining how the IDPP is functioning;

WHEREAS, this Stipulation and Order Regarding Dismissal is not a compromise of any claim or defense made in this litigation; and

2

WHEREAS, the *One Wisconsin* Plaintiffs never sought or obtained class certification, and whereas the *Weddle* Plaintiffs and Defendants agree that notice to the class and a fairness hearing are not required because: (a) this is a class for injunctive and declaratory relief only; (b) class members never received notice of class certification; and (c) the parties are seeking dismissal without prejudice. Fed. R. Civ. P. 23(e); *see, e.g., Paulson v. Two Rivers Water & Farming Co.*, No. 19-CV-02639-PAB-NYW, 2021 WL 2660789, at *5 (D. Colo. June 29, 2021); *LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-KWR-LF, 2021 WL 4477921, at *4 (D.N.M. Sept. 30, 2021); *Joseph v. Am. Modification Agency, Inc.*, No. 08 CIV. 11186 JPO, 2012 WL 3542189, at *4 (S.D.N.Y. Aug. 16, 2012); *Ginter v. Whirlpool Corp.*, 671 F. Supp. 2d 1040, 1046 (S.D. Iowa 2009); *Daffin v. Ford Motor Co.*, No. 1:00-CV-458, 2007 WL 2815448, at *1 (S.D. Ohio Sept. 25, 2007); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. CIV A H-01-3624, 2007 WL 209923, at *3 (S.D. Tex. Jan. 24, 2007); *Sheinberg v. Fluor Corp.*, 91 F.R.D. 74, 75 (S.D.N.Y. 1981).

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties through their respective counsel of record and subject to Court approval, as follows:

1. The above-captioned litigation is dismissed without prejudice with each party to bear their own costs and fees.

2. Apart from this Stipulation and notice and pursuant to Federal Rule 23(e)(1), notice and a fairness hearing in *Weddle v. Evers* are not required.

Dated: January 12, 2023

                                        Respectfully submitted,

                                        */s/ Karyn L. Rotker*
                                        Karyn L. Rotker

ACLU of Wisconsin Foundation, Inc.
207 East Buffalo Street, Suite 325
Milwaukee, WI 53202
Phone: (414) 272-4032 x12
Fax: (414) 272-0182
krotker@aclu-wi.org

Davin M. Rosborough
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212)-549-2648
drosborough@aclu.org

Neil A. Steiner
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Phone: (212)-698-3500
Fax:(212)-698-3599
neil.steiner@dechert.com

Tristia Bauman
Carlton Martin
National Law Center for Homelessness & Poverty
2000 M Street NW, Suite 210
Washington, D.C. 20036
Phone: (202) 638-2535

*Attorneys for Weddle Plaintiffs*

*/s/ Charles G. Curtis, Jr.*

Charles G. Curtis, Jr.
Will M. Conley
Perkins Coie LLP
33 East Main Street, Suite 201
Madison, WI 53703
Telephone: (608) 663-5411
Facsimile: (608) 663-7499
CCurtis@perkinscoie.com
wconley@perkinscoie.com

4

Marc E. Elias
Elisabeth C. Frost
Elias Law Group LLP
10 G St. NE
Suite 600
Washington, DC 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law

*Attorneys for One Wisconsin Plaintiffs*


ERIC J. WILSON
Deputy Attorney General of Wisconsin

Electronically signed by:

*/s/ S. Michael Murphy*
S. MICHAEL MURPHY
Assistant Attorney General
State Bar #1078149

GABE JOHNSON-KARP
Assistant Attorney General
State Bar #1084731

JODY J. SCHMELZER
Assistant Attorney General
State Bar #1027796

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-5457 (Murphy)
(608) 267-8904 (Johnson-Karp)
(608) 266-3094 (Schmelzer)
(608) 267-2223 (Fax)

5

SO ORDERED

Date: JANUARY 12, 2023

Hon. James D. Peterson